**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CRIMINAL ACTION** |
| **v.** ) | |
| ) | **No. 05-20067-CM** |
| ) | |
| **DHEADRY LOYD POWELL,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

This case is before the court on defendant's motions: (1) "Motion for Non-Legalable Arraignment" (Doc. 83); (2) "Motion Against Improvident Waivers" (Doc. 84); and (3) Motion for Violation of the Sixth Amendment of the Constitution (Doc. 85). Despite being represented by counsel, defendant filed these motions pro se.

This court does not consider pro se motions from defendants who are represented by counsel. *United States v. Reed*, No. 05-10156-01-MLB, 2006 WL 2224832 (D. Kan. Aug. 1, 2006) ("A criminal defendant has a right to represent himself, as well as a right to be represented by counsel, however, he does not have a right to do both at the same time.") (citations omitted).

Because defendant filed these motions pro se while he was represented by counsel, they are denied.

Out of an abundance of caution, the court reviewed the motions for indications of a dispute with counsel or that defendant wishes to proceed pro se. The "Motion for Non-Legalable Arraignment" (Doc. 83) requests that counsel provide him with tape recordings, or transcripts of the recordings, of his hearings before Magistrate Judge O'Hara. While this does not indicate a

breakdown of the attorney-client relationship, the court instructs that the requested recordings should be made available to defendant. The "Motion Against Improvident Waivers" states that defendant was misled by his previous counsel—who withdrew from this case in April 2005—and that his Waiver of Indictment (Doc. 26)—which he signed on May 26, 2005— "is not a legal document" and "has been altered and tampered with." Defendant does not provide any evidence to support these conclusory statements. The "Motion for Violation of the Sixth Amendment of the Constitution" alleges that defendant's previous and present counsel, along with the Assistant United States Attorney, conspired against defendant. Again, defendant omits any evidence to support these conclusory statements.

While such motions could indicate a problem in the attorney-client relationship and merit further inquiry from the court, the timing of the present motions and the history of this case make such determinations unnecessary. On December 19, 2006, this court heard and denied Defendant's Motion to Dismiss Counsel (Doc. 73). Since that hearing, counsel for defendant has competently submitted and argued several motions for defendant. Defendant's present motions do not indicate any recent change in the attorney-client relationship. Moreover, on the day these motions were filed, defendant appeared before this court, in person and through counsel. Despite the court's questions whether any other matters needed to be addressed, defendant did not raise any issues with his counsel or mention that he filed these motions.

**IT IS THEREFORE ORDERED** Defendant's "Motion for Non-Legalable Arraignment" (Doc. 83); Defendant's "Motion against Improvident Waivers" (Doc. 84); and Defendant's "Motion for Violation of the Sixth Amendment of the Constitution" (Doc. 85) are denied.

breakdown of the attorney-client relationship, the court instructs that the requested recordings should be made available to defendant. The "Motion Against Improvident Waivers" states that defendant was misled by his previous counsel—who withdrew from this case in April 2005—and that his Waiver of Indictment (Doc. 26)—which he signed on May 26, 2005— "is not a legal document" and "has been altered and tampered with." Defendant does not provide any evidence to support these conclusory statements. The "Motion for Violation of the Sixth Amendment of the Constitution" alleges that defendant's previous and present counsel, along with the Assistant United States Attorney, conspired against defendant. Again, defendant omits any evidence to support these conclusory statements.

While such motions could indicate a problem in the attorney-client relationship and merit further inquiry from the court, the timing of the present motions and the history of this case make such determinations unnecessary. On December 19, 2006, this court heard and denied Defendant's Motion to Dismiss Counsel (Doc. 73). Since that hearing, counsel for defendant has competently submitted and argued several motions for defendant. Defendant's present motions do not indicate any recent change in the attorney-client relationship. Moreover, on the day these motions were filed, defendant appeared before this court, in person and through counsel. Despite the court's questions whether any other matters needed to be addressed, defendant did not raise any issues with his counsel or mention that he filed these motions.

**IT IS THEREFORE ORDERED** Defendant's "Motion for Non-Legalable Arraignment" (Doc. 83); Defendant's "Motion against Improvident Waivers" (Doc. 84); and Defendant's "Motion for Violation of the Sixth Amendment of the Constitution" (Doc. 85) are denied.

-3-

Dated this 30th day of January 2007, at Kansas City, Kansas.

                              **s/ Carlos Murguia**
                                **CARLOS MURGUIA**
                              **United States District Judge**