**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **DHEADRY LOYD POWELL,** ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | |
| v. ) | Case No. 05-20067-CM |
| ) | 07-3132-CM |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent/Plaintiff ) | |
| _____) | |

**MEMORANDUM AND ORDER**

The matter comes before the court on petitioner's Motion to Vacate Under 28 U.S.C. § 2255 (Doc. 125), Motion to Appoint Counsel (Doc. 126), and Motion for Leave to Proceed *in forma pauperis* (Doc. 127). Petitioner argues that he received ineffective assistance of counsel and that the court did not have subject matter jurisdiction over him because of speedy trial violations. The government filed a response requesting that this court enforce defendant's waiver and dismiss petitioner's motions without the aid of an evidentiary hearing (Doc. 131). For the reasons set forth below, this court denies petitioner's § 2255 motion, and his motion to appoint counsel, but grants his motion to proceed *in forma pauperis*.

**I.     Factual Background**

After a complaint was filed against petitioner in October, 2009, the court conducted a Preliminary and Detention Hearing during which petitioner signed a Waiver of Indictment in open court. (Doc. 10.) The government then filed an Information in May, 2005, and petitioner signed another Waiver of Indictment in open court. (Doc. 26.)

In a hearing before the undersigned, petitioner pleaded guilty to Counts 1 and 2 of a

Superseding Information. These charges included possession with intent to distribute more than fifty grams of a mixture and substance containing cocaine base in violation of Title 21 U.S.C. § 841(a)(1) and willfully and knowingly conspiring to commit certain offenses under Title 18, U.S.C. § 1956.

After entering his guilty plea, and prior to the sentencing hearing, petitioner filed one *pro se* document that included three motions: Motion to Compel, Withdraw of Counsel and Appointing New Counsel, Withdraw of Plea. (Doc. 49.) Counsel for petitioner, Michael Brady, then filed a Motion to Withdraw Plea of Guilty. (Doc. 50.) The court granted the motion to withdraw as counsel and set the remainder of the motions for hearing once new counsel was appointed. After appointing Cheryl Pilate as counsel for petitioner, the court conducted two motions hearings, ultimately denying petitioner's *pro se* motions and also the motion filed by his attorney to withdraw his guilty plea. Petitioner, through counsel, then filed a Motion to Dismiss Complaint (Doc. 77) based on the alleged speedy trial violation, which this court later denied.

The court sentenced petitioner to life imprisonment on May 1, 2007. Petitioner, through counsel, timely filed an appeal to the Tenth Circuit, which was dismissed by mandate enforcing the appellate waiver in the plea agreement. (Doc. 122.) The United States Supreme Court later denied petitioner's Motion for Writ of Certiorari. (Doc. 124.)

**II.     Legal Standards and Analysis**

    **A.     Lack of Subject Matter Jurisdiction**

Petitioner claims that this court lacked subject matter jurisdiction over him because the government failed to meet the 30-day deadline to file charges against him. He further argues that the government's dilatory delays for six months violated the speedy trial act and that, as of November

28, 2004, the court lost subject matter jurisdiction over petitioner. The government moves the court to enforce the waiver provision of petitioner's plea agreement and argues that the court should look to the plain language of the plea agreement in order to determine whether the claim falls within the scope of the plea waiver. The government further argues that because petitioner's sentence fell within the applicable guideline range, petitioner waived his right to challenge the sentence imposed by the court under *Hahn*. The court addresses the waiver first.

In *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004), the Tenth Circuit established a three-prong test when reviewing cases brought under 28 U.S.C. § 2255: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice as we define herein." *Citing United States v. Andix,* 333 F.3d, 886, 890-92 (8th Cir. 2003). Defendant bears the burden of showing that one of these factors is met. *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004) (citation omitted).

Petitioner's claim that this court lacked subject matter jurisdiction falls directly within the scope of the plea waiver. At the plea colloquy, petitioner asserted, under oath, that he was entering the plea knowingly, voluntarily and of his own free will; that no one had forced or threatened him to do so; and that he was satisfied with the advice and services of his attorney. He also stated that he had reviewed and understood the waiver of rights of appeal and collateral attack, and indicated that he wanted to proceed knowing he was waiving or giving up his constitutional rights to appeal. (Doc. 112 at 9, 25). Further, petitioner signed the plea agreement in open court which sets out in paragraph 13 of the plea agreement entitled "Waiver of Appeal and Collateral Attack":

> The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction, and sentence. He is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence

> imposed. By entering into this agreement, he knowingly waives any right to appeal a sentence imposed that is within the guideline range determined appropriate by the court. He also waives any right to challenge his conviction and/or sentence or otherwise attempt to modify or change his sentence or the manner in which the sentence was determined in any collateral attack, including, but not limited to a motion brought under Title 28, U.S.C. § [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c)(2). In other words, he waives the right to appeal the conviction in this case and waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.

(Doc. 39 at 14.)

Relying on the record and the court's own independent recollection, *see United States v. Scully,* 798 F.2d 411, 412 (10th Cir. 1986) (providing that the district court may rely on its personal recollection, as long as it also reviews the record where available), the court finds that factual circumstances surrounding the plea in this case serve as compelling evidence that the plea was voluntary. Because petitioner is "bound by his solemn declarations in open court," *Lasiter v. Thomas*, 89 F.3d 699, 703-04 (10th Cir. 1996), the court finds that petitioner knowingly and voluntarily entered his plea. As to his argument concerning subject matter jurisdiction, the court finds that it is waived, and therefore denies this portion of petitioner's motion.

### B. Ineffective Assistance of Counsel

Under 28 U.S.C. § 2255, a motion for ineffective assistance of counsel is considered waivable unless the implication of miscarriage of justice is in connection with the negotiation of the waiver. *Hahn*, 359 F.3d at 1327; *see United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). The court applies the standard identified in *Strickland v. Washington*, 466 U.S. 668 (1984), when determining whether a habeas petitioner's counsel provided ineffective assistance. *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*). Under *Strickland*, a petitioner bears the burden of satisfying a two-pronged test in order to prevail. First, he must show

-4-

that his attorney's "performance was deficient" and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. The court affords considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Second, a habeas petitioner must demonstrate prejudice, which requires a showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the [petitioner] makes an insufficient showing on one. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697.

Petitioner claims that Mr. Brady, his attorney, was ineffective and that his conduct fell below the standard of reasonableness, rendering petitioner's plea invalid and violating his constitutional rights. In his attached memorandum, petitioner argues specifically that Mr. Brady was ineffective because he (1) failed to investigate or inform petitioner as to the speedy trial act and the government's dilatory delays; (2) failed to advise petitioner that he would ultimately waive his appellate rights regarding alleged speedy trial act violations if petitioner signed the plea agreement; and (3) failed to counsel petitioner about how the money laundering conspiracy charge and 1.5 kilograms of cocaine base attributable to petitioner were considered relevant conduct in applying sentencing enhancements.

In support of these arguments, however, petitioner merely recites the law and makes conclusory statements regarding his attorney's alleged misrepresentation. A conclusory allegation that counsel was ineffective is insufficient to warrant habeas relief, even when a defendant proceeds

-5-

*pro se*. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). Petitioner simply reiterates arguments already presented to this court during his motion and sentencing hearings held on December 18, 2006, and May 1, 2007, respectively. He does not provide any additional evidence that his attorney's representation did not comport with the standard of reasonable care required under *Strickland*.

After reviewing the record in its entirety, including transcripts from hearings held before Magistrate Judge O'Hara, the change of plea, motion and sentencing hearings before the undersigned, the signed plea agreement, plea petition, and waivers of indictment, the court finds that Mr. Brady's representation was not so deficient that it ultimately fell below a reasonable standard of care. In fact, Mr. Brady's testimony and exhibits presented in the motion hearing before the undersigned portray quite the opposite. During the motion hearing held on December 18, 2006, Mr. Brady testified that he had gone over the plea agreement with petitioner and that he had met with petitioner on half a dozen occasions totaling a little over nine hours. He further testified that at these meetings, he and petitioner went over the discovery, information, superseding information, waiver of indictment, various versions of the plea agreement and plea petition. When asked if he forced petitioner to plead guilty, he indicated that he had not. He further stated that when petitioner had concerns with the relevant conduct paragraph of the plea agreement, they came to a compromise by agreeing that the parties would keep those issues open so that petitioner could present evidence at the sentencing hearing.

Evidence in the record directly contradicts petitioner's claims that his counsel failed to inform petitioner as to his constitutional rights under the speedy trial act, right to appeal, and consequences of the relevant conduct as it would apply to his sentence. In fact, Mr. Brady's testimony, petitioner's conduct in hearings held before Magistrate Judge O'Hara, and the signing of

the waivers of indictment in open court support a finding that defendant's claims are not credible. The court finds that petitioner's attorney's conduct was reasonable and did not fall below the standard of care as required under *Strickland*.  There is nothing about Mr. Brady's representation that would make this court believe that but for his conduct, petitioner would not have proceeded in the case in the same manner.  *Strickland*, 466 U.S. at 694 (finding there is a deficiency in evidence that there was a reasonable probability that the outcome of the case would have been different had it not been for counsel's unprofessional errors).  Therefore, the court denies petitioner's motion.

The record before the court conclusively shows that petitioner is not entitled to relief. Accordingly, no evidentiary hearing is required.  *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (holding that no hearing is required where factual matters raised by a § 2255 petition may be resolved on the record).

The court further denies petitioner's motion for appointment of counsel (Doc. 126).  There is no right to counsel when prosecuting a § 2255 motion because "the right to appointed counsel extends to the first appeal of right, and no further."  *See United States v. Cline*, No. 04-3400-SAC, 2005 WL 1124403 (D. Kan. May 10, 2005) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)).  The court has the discretionary ability to appoint counsel under 18 U.S.C. § 3006A(a)(2)(B), however, the exception to this is if the matter requires an evidentiary hearing. Because an evidentiary hearing on this matter is unnecessary, and petitioner's pro se pleadings demonstrate that he is able to effectively articulate his claims, this court denies petitioner's request for the appointment of counsel.  The court grants petitioner's motion for leave to appeal *in forma pauperis* (Doc. 127).

**IT IS THEREFORE ORDERED** that petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 125) is denied.

-7-

-8-

**IT IS FURTHER ORDERED** that petitioner's Motion to Appoint Counsel (Doc. 126) is denied.

**IT IS FURTHER ORDERED** that petitioner's Motion for Leave to Proceed *in forma pauperis* (Doc. 127) is granted.

Dated this 22nd day of September, 2009, at Kansas City, Kansas.

       **s/ Carlos Murguia**
       **CARLOS MURGUIA**
       **United States District Judge**