IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. Case No. 05-20067-01-CM |
| ) | |
| DHEADRY POWELL ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## MEMORANDUM AND ORDER

This closed criminal case is before the court on defendant Dheadry Powell's Informal Appellate Brief "2255" Concerning Alleyne/Apprendi Issues (Doc. 143) and Motion to Amend Petitioner's June 17, 2014 Pleading (Doc. 146).[1] Defendant is proceeding pro se and asks the court to vacate his sentence because the court applied an enhancement at sentencing using only a preponderance of the evidence standard. In support of his motion, defendant cites the recent Supreme Court case *United States v. Alleyne*, 133 S. Ct. 2151 (2013). There, the Supreme Court held:

> Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

133 S. Ct. at 2155 (citation omitted). The Supreme Court decided *Alleyne* in 2013, which is well after (1) defendant's sentencing on May 8, 2007, (2) this court's denial of defendant's initial motion to vacate, set aside, or correct his sentence (Doc. 133), and (3) the Supreme Court's denial of defendant's writ of certiorari (Doc. 142) concerning this court's denial of his initial § 2255 motion.

---

[1] Defendant's motion to amend is a typed version of his handwritten motion.

Because this motion is defendant's second or successive § 2255 motion, he must obtain authorization from the Tenth Circuit before filing it. *See* 28 U.S.C. § 2255(h). Defendant has not shown that he obtained such authorization. This court therefore lacks jurisdiction to consider the motion. *See United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013). As such, the court must either dismiss defendant's claim for lack of jurisdiction or transfer the motion to the Tenth Circuit. *See United States v. Harper*, 545 F.3d 1230, 1232 (10th Cir. 2008).

Transferring the motion requires that the court determine that the transfer would be "in the interests of justice." *Id*. The court finds transfer inappropriate in this case. While defendant is correct that *Alleyne* did "set forth 'a new rule of constitutional law,'" it does not apply retroactively to criminal cases on collateral review. *See In re Payne*, 733 F.3d 1027, 1029–30 (10th Cir. 2013). Therefore, defendant's claim does not satisfy the requirements of § 2255(h), which provides that a new rule of constitutional law must be "made retroactive to cases on collateral review by the Supreme Court." § 2255(h)(2).

For the above reasons, the court dismisses this action for lack of jurisdiction and declines to transfer the action to the Tenth Circuit. The court declines to issue a certificate of appealability, to the extent a certificate is necessary in this case, because reasonable jurists could not debate whether "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).

**IT IS THEREFORE ORDERED** that defendant's Informal Appellate Brief "2255" Concerning Alleyne/Apprendi Issues (Doc. 143) and Motion to Amend Petitioner's June 17, 2014 Pleading (Doc. 146) are denied.

**IT IS FURTHER ORDERED** that the court will not issue a certificate of appealability in this

case.

        Dated this 12th day of September, 2014, at Kansas City, Kansas.

                                        <u>s/ Carlos Murguia</u>
                                        **CARLOS MURGUIA**
                                        **United States District Judge**