IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　Case No. 05-20067-01-JWL

**Dheadry Loyd Powell,**

    **Defendant.**

### MEMORANDUM & ORDER

In 2007, defendant Dheadry Loyd Powell was convicted of conspiracy to distribute and possess with intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, and of conspiracy to launder money, in violation of 18 U.S.C. § 1956(h). At that time, § 841(b)(1)(A) applied to an offense involving 50 grams or more of crack cocaine and permitted a maximum sentence of life. At sentencing, the district court,[1] adopting the findings in the Presentence Investigation Report (PSIR), attributed at least 1.5 kilograms of crack cocaine to Mr. Powell. After determining the applicable drug quantity and applying various enhancements, the court calculated a total offense level of 48, which was capped at 43 under the guidelines. Combined with a criminal history score of IV, Mr. Powell's guidelines range was life imprisonment. The court sentenced Mr. Powell to life imprisonment on Count I with a 20-year concurrent sentence on Count II.

---

[1] This case was recently reassigned to the undersigned judge.

In April 2018, the district court, in connection with Mr. Powell's motion to reduce his sentence based on Amendment 782, made supplemental calculations of drug quantity based on information contained in the PSIR. Specifically, the district court found that the quantity of crack cocaine attributable to Mr. Powell was 2.825 kilograms. The court then recalculated Mr. Powell's guidelines range using the amended guidelines and applying the same enhancements it applied at Mr. Powell's original sentencing. This calculation resulted in a total offense level of 43 and an advisory guidelines range of life imprisonment. The court, then, concluded that Mr. Powell was not eligible for a sentence reduction.

This matter is now before the court on two related motions filed by Mr. Powell—a motion for a sentence reduction under the First Step Act (doc. 181); and a motion for emergency release in compliance with the First Step Act (doc. 198). As will be explained, Mr. Powell's motion for a sentence reduction is granted in part and denied in part and his motion for emergency release is moot.[2]

*Sentence Reduction*

In 2010, Congress enacted the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). Section 2 amended § 841(b)(1)(A) (Mr. Powell's statute of conviction) by increasing

---

[2] In his motion for emergency release, Mr. Powell asserts in summary fashion that his immediate release under the First Step Act is also required because of his age, his desire to spend time with his family and the danger imposed by COVID-19. In reply to the government's response to this motion, Mr. Powell indicates his desire to withdraw the motion such that it should be deemed moot. The court, then, moots the motion. Nonetheless, to the extent Mr. Powell desires to seek compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), Mr. Powell must first exhaust his administrative remedies with the BOP. *See* First Step Act, § 603(b)(1); 18 U.S.C. § 3582(c)(1)(A).

the 50-gram threshold to 280 grams, and it similarly amended § 841(b)(1)(B)(iii) by increasing the threshold quantity from five to 28 grams. *See* 124 Stat. at 2372. The First Step Act of 2018 makes the provisions of the Fair Sentencing Act of 2010 retroactive. Pub. L. No. 115-391, 132 Stat. 5194 (2018). Section 404 of the First Step Act states in pertinent part:

> (a) DEFINITION OF COVERED OFFENSE. In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010.
> (b) DEFENDANTS PREVIOUSLY SENTENCED. A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

*Id.* § 404. Under the First Step Act, a defendant who committed a violation before August 3, 2010, and whose exposure at sentencing would have been different under Section 2 of the Fair Sentencing Act's revised quantity thresholds for cocaine base may be entitled to a reduced sentence based on the lower statutory sentencing ranges of the Fair Sentencing Act. *Id.*; *United States v. Martinez,* 777 Fed. Appx. 946 (10th Cir. Sept. 19, 2019). Relief under the First Step Act is discretionary. First Step Act, § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").

As just noted, section 2 of the Fair Sentencing Act amended 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(B) by increasing the 50-gram threshold to 280 grams, and amended § 841(b)(1)(B)(iii) by increasing the threshold quantity from five to 28 grams. *Dorsey v. United States*, 567 U.S. 260, 269 (2012); Pub. L. No. 111-220 § 2(a), 124 Stat. 2372, 2372. Mr. Powell, thus, contends that he is eligible for resentencing because his offense was "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair

3

Sentencing Act of 2010." Noting that he pled guilty to an offense involving 50 grams or more of crack cocaine, Mr. Powell maintains that, with the Fair Sentencing Act applied retroactively, he would have been subject only to the more relaxed penalty provisions of § 841(b)(1)(B), with its new threshold of twenty-eight grams and its statutory maximum of 40 years. *See* 124 Stat. at 2372. The government opposes the motion and contends that Mr. Powell is ineligible for resentencing. The government's argument turns on the fact that the sentencing judge attributed 2.8 kilograms of crack cocaine to Mr. Powell such that Mr. Powell still meets the threshold quantity for a violation of § 841(b)(1)(A) and is still subject to a statutory maximum of life. The parties' dispute, then, turns on whether a defendant's eligibility for a reduction is determined by a defendant's statute-of-conviction or whether it is determined by a defendant's actual conduct.

Every Circuit Court of Appeals that has addressed this issue (and the vast majority of district courts to do so) has adopted Mr. Powell's statute-of-conviction theory.[3] *See United States v. Wirsing*, 943 F.3d 175 (4th Cir. 2019); *United States v. McDonald*, 944 F.3d 769 (8th Cir. 2019); *United States v. Jackson*, 945 F.3d 315 (5th Cir. 2019); *United States v. Jones*, 2019 WL 4942365, at *3 (N.D. Ill. Oct. 8, 2019) (collecting cases and joining the "super majority" of district courts to conclude that the statute of conviction, not the defendant's actual conduct, controls eligibility under the FSA). In a detailed statutory analysis, the Fourth Circuit in *Wirsing* framed the issue:

> The statute only authorizes a court "that imposed a sentence for a covered offense" to reduce a defendant's sentence. First Step Act § 404(b), 132 Stat. at 5222. Accordingly, eligibility turns on the proper interpretation of a "covered offense."

---

[3] To be fair, this question was arguably more of an open question at the time the government filed its response brief in May 2019.

4

> A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." *Id*. § 404(a), 132 Stat. at 5222 (citation omitted). In Defendant's view, the phrase "the statutory penalties for which" refers to "a Federal criminal statute." See Reply Br. at 4. The result of that interpretation would be that any inmate serving a sentence for pre-August 3, 2010 violations of 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii)—both of which were modified by Section 2 of the Fair Sentencing Act, see Fair Sentencing Act § 2(a), 124 Stat. at 2372—is serving "a sentence for a covered offense" and may seek a sentence reduction under the First Step Act. First Step Act § 404(b), 132 Stat. at 5222. We agree that this is the correct interpretation of the statute.

*Wirsing*, 943 F.3d at 185. In adopting the defendant's argument, the Circuit rejected the government's argument that "the statutory penalties for which" refers to "a violation" and that a violation, in turn, is determined by reference to the offense conduct attributable to the count at issue, rather than by reference to the conviction.

As explained by the Fourth Circuit in *Wirsing*, the "most natural reading" of the First Step Act's definition of "covered offense" is that "the statutory penalties for which were modified by" language refers to "a Federal criminal statute" rather than "a violation of a Federal criminal statute." *Id*. The Circuit relied on the "general rule of statutory interpretation . . . that modifiers attach to the closest noun; courts should not interpret statutes in such a way as to 'divorce a noun from the modifier next to it without some extraordinary reason.'" *Id*. The Circuit easily concluded that because "Federal criminal statute" appears closer to "statutory penalties for which" than does "violation," it is more natural to attach "penalties" to "statute" than to "violation." *Id*. Finally, the Fourth Circuit held "the rule of the last antecedent" was not overcome by other indicia of meaning and, moreover, that the legislative history supported the interpretation advocated by the defendant. *Id*. at 185-86. Ultimately, the Fourth Circuit adopted the "simple" statute-of-conviction theory over the "complicated and eligibility-limiting determination" urged by the government. *Id*. at 186.

The Fifth and Eighth Circuit have followed *Wirsing* and have held that the penalties clause modifies "Federal criminal statute" rather than "violation" such that whether an offense is "covered" depends only on the statute under which the defendant was convicted. *See Jackson*, 945 F.3d at 320; *McDonald*, 944 F.3d at 772 ("The First Step Act applies to offenses, not conduct . . . and it is McDonald's statute of conviction that determines his eligibility for relief."). The court believes that the Tenth Circuit, when faced with this question, will follow the lead of *Wirsing*. In fact, the *Wirsing* panel noted in its opinion that the Tenth Circuit "implicity" utilized the statute-of-conviction theory in *United States v. Martinez,* 777 Fed. Appx. 946 (10th Cir. Sept. 19, 2019). In *Martinez*, the Tenth Circuit held that the district court lacked jurisdiction to modify the defendant's sentence under the First Step Act because the defendant's statute of conviction, 21 U.S.C. § 841(b)(1)(C), was not modified by the Fair Sentencing Act. *Id*. at 947.

In sum, section 2 of the First Step Act modified the statutory penalties for the statute that Mr. Powell violated, and he committed the violation before August 3, 2010. Therefore, Mr. Powell's violation is a "covered offense" under the First Step Act. He is eligible for a reduction and his motion is granted to that extent. Under § 841(b)(1)(B), Mr. Powell is now subject to a statutory maximum of 40 years rather than life. Because his advisory guidelines range remains life imprisonment, the court will resentence Mr. Powell to the statutory maximum of 40 years. His motion, then, is denied to the extent he seeks a lower sentence. In that regard, Mr. Powell suggests in his reply brief that his money laundering conviction controls such that he is subject only to a statutory maximum of 20 years.[4] .

---

[4] In addition to his reply brief, Mr. Powell has sent a letter to the court reiterating his request for relief under the First Step Act. That letter has been filed as a supplemental reply.

6

Although the nature of his argument is not entirely clear, Mr. Powell appears to argue that the PSIR deemed the money laundering count as the "controlling" count under U.S.S.G. § 2S1.1 and, accordingly, that count also controls for sentencing purposes. But the fact that the PSIR appropriately grouped the two counts together—and determined that § 2S1.1 produced the highest offense level—for purposes of determining the base offense level under the guidelines does not mean that the drug count has no bearing on Mr. Powell's sentence or that § 841(b)(1)(A) somehow disappeared from the analysis entirely. To the extent Mr. Powell contends that § 841(b)(1)(A) is entirely absent from the PSIR, that is clearly not accurate. See PSIR p. 1, p. 23 ¶ 124. Moreover, the Tenth Circuit has held that the sentencing judge in this case correctly calculated Mr. Powell's sentence and that the PSIR correctly calculated Mr. Powell's advisory guidelines range. *United States v. Powell*, 739 Fed. Appx. 511 (10th Cir. Oct. 15, 2018). Those issues, then, cannot be revisited.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Powell's motion for a sentence reduction under the First Step Act (doc. 181) is **granted in part and denied in part** and Mr. Powell's motion for emergency release in compliance with the First Step Act (doc. 198) is **moot**.

**IT IS FURTHER ORDERED BY THE COURT THAT** Mr. Powell's sentence is reduced to the statutory maximum of 480 months. All other provisions of the judgment dated May 8, 2007 shall remain in effect.

**IT IS SO ORDERED.**

Dated this 21st day of April, 2020, at Kansas City, Kansas.

                                                s/ John W. Lungstrum
                                                John W. Lungstrum
                                                United States District Judge