## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

United States of America,

                Plaintiff,

v.                                                        Case No. 05-20067-01-JWL

Dheadry Loyd Powell,

                Defendant.

### MEMORANDUM & ORDER

In 2007, defendant Dheadry Loyd Powell was convicted of conspiracy to distribute and possess with intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, and of conspiracy to launder money, in violation of 18 U.S.C. § 1956(h). At that time, § 841(b)(1)(A) applied to an offense involving 50 grams or more of crack cocaine and permitted a maximum sentence of life. At sentencing, the district court, adopting the findings in the Presentence Investigation Report (PSIR), attributed at least 1.5 kilograms of crack cocaine to Mr. Powell. After determining the applicable drug quantity and applying various enhancements, the court calculated a total offense level of 48, which was capped at 43 under the guidelines. Combined with a criminal history score of IV, Mr. Powell's guidelines range was life imprisonment. The court sentenced Mr. Powell to life imprisonment on Count I with a 20-year concurrent sentence on Count II.

In April 2018, the district court, in connection with Mr. Powell's motion to reduce his sentence based on Amendment 750 and Amendment 782, made supplemental calculations of drug quantity based on information contained in the PSIR. Specifically, the district court found that

the quantity of crack cocaine attributable to Mr. Powell was 2.825 kilograms.  The court then recalculated Mr. Powell's guidelines range using the amended guidelines and applying the same enhancements it applied at Mr. Powell's original sentencing.  This calculation resulted in a total offense level of 43 and an advisory guidelines range of life imprisonment.  The court, then, concluded that Mr. Powell was not eligible for a sentence reduction.[1]  The Tenth Circuit affirmed that decision.  *United States v. Powell*, 739 Fed. Appx. 511 (10th Cir. 2018).[2]

This matter is now before the court on three motions filed by Mr. Powell—another motion to reduce his sentence pursuant to Amendments 750 and 782 (doc. 205); a motion to recuse (doc. 215); and a motion to appoint counsel (doc. 216).  As will explained, the court denies each of these motions.

In his motion for a sentence reduction, Mr. Powell asserts that the district court, in April 2018, improperly calculated his offense level when recalculating his guidelines range under Amendments 750 and 782.  He now asks this court to perform different calculations that he asserts would result in a sentence reduction.  But Mr. Powell appealed the April 2018 decision and the Tenth Circuit examined the very argument that Mr. Powell now makes before this court—that the court miscalculated his amended offense level by failing to separately determine the offense level for Counts 1 and 2 when it grouped the two counts.  The Circuit held that the district court's calculations were correct and rejected Mr. Powell's argument.  *Id*. at 512.  Under the law of the case doctrine, the court cannot consider arguments that were raised and adjudicated on appeal.

---

[1] Another judge sentenced Mr. Powell and resolved Mr. Powell's motion to reduce his sentence based on Amendment 750 and Amendment 782.

[2] Recently, this court, consistent with the First Step Act, reduced Mr. Powell's sentence to the statutory maximum of 480 months.

*United States v. Trent*, 884 F.3d 985, 994-95 (10th Cir. 2018). While there are narrow exceptions to that doctrine, none are present here. *See id.* (exceptions include when the evidence in a subsequent trial is substantially different; when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or when the decision was clearly erroneous and would work a manifest injustice). Thus, the law of the case precludes this court from addressing the substantive merits of Mr. Powell's motion and that motion is denied.

In his motion to recuse, Mr. Powell asks this court to recuse from the case based on "prejudice, bias, judicial misconduct, abuse of discretion, [and] fifth and eighth amendment violations."  Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *United States v. Mendoza*, 468 F.3d 1256, 1261 (10th Cir. 2006). A judge must also recuse himself if "he has a personal bias or prejudice concerning a party." *Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648, 659 (10th Cir.2002). A trial judge must recuse himself "where there is an appearance of bias, regardless of whether there is actual bias." *Id.* "Disqualification is appropriate only where a reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *Mendoza*, 468 F.3d at 1262. A judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Bryce*, 289 F.3d at 659. The recusal statute "should not be construed so broadly as to become presumptive or to require recusal based on unsubstantiated suggestions of personal bias or prejudice." *Id.* at 659–60.

Mr. Powell has not substantiated any of his allegations of bias or prejudice and no reasonable person would question this court's impartiality in its handling of Mr. Powell's case.

In fact, the court granted Mr. Powell a sentence reduction over the detailed and lengthy objection of the government.  The record in no way supports recusal in this case.

Finally, the court denies Mr. Powell's motion to appoint counsel. There is no constitutional right to counsel beyond the direct appeal of a conviction. *Swazo v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  Mr. Powell presently has no claims before the court.  If he files a motion that reflects that he may be entitled to some relief, the court will consider a request for the appointment of counsel at that point.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Powell's motion to reduce sentence (doc. 205) is **denied**; his motion to recuse (doc. 215) is **denied**; and his motion to appoint counsel (doc. 216) is **denied.**

**IT IS SO ORDERED.**

Dated this 30th day of June, 2020, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge

4