IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-20067-JWL |
| ) | |
| DHEADRY L. POWELL, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. # 231). For the reasons set forth below, the Court **denies** the motion.

### I.   **Background**

In 2005, defendant pleaded guilty to drug conspiracy and money laundering charges, and in 2007 he was given the guideline sentence of life imprisonment. In 2020, the Court reduced defendant's term of imprisonment to 40 years, based on a change in the statutory maximum sentence for his drug offense. His present projected good-time release date is November 13, 2038.

## II.  Analysis

As a general matter, a federal court may not alter a term of imprisonment once imposed, but Section 3582(c) provides an exception to that general rule of finality. *See United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021). That statute provides that a court, after consideration of the applicable factors set forth in 18 U.S.C. § 3553(a), may reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i). The district court determines what constitutes "extraordinary and compelling reasons." *See McGee*, 992 F.3d at 1045.[1] The moving defendant bears the burden of establishing that such a "compassionate release" is warranted under the statute. *See United States v. Jackson*, 2020 WL 2812764, at *2 (D. Kan. May 29, 2020) (citing cases). A court exercises its discretion in ruling on such a motion. *See id.* (citing cases).

Section 3582(c)(1)(A) also imposes an exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A). Specifically, the statute allows a defendant to bring a motion for reduction of a term of imprisonment "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or

---

[1] Section 3582(c) also requires that the reduction be consistent with applicable policy statements issued by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A)(i). The Tenth Circuit has held, however, that U.S.S.G. § 1B1.13, the existing policy statement promulgated by the Sentencing Commission concerning a sentence reduction for extraordinary and compelling reasons, applies by its terms only to motions filed by the Bureau of Prisons, and thus does not apply in the case of a motion filed by a defendant. *See McGee*, 992 F.3d at 1050. Accordingly, the Court has not considered Section 1B1.13 here in determining whether extraordinary and compelling reasons warrant a reduction of defendant's sentence.

the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See id.* In support of his representation that he has satisfied this requirement, defendant has attached a letter from his warden denying a request for compassionate release based on defendant's medical condition.

As the Government notes, however, defendant's present motion is based not only on (1) his medical condition, but also on (2) the length of his sentence in light of the trend in favor of decreasing the sentencing disparity between sentences for crack cocaine and cocaine powder offenses; and (3) his life partner's medical condition and her need for defendant to provide care for her. The warden's denial letter does not indicate that defendant also cited these second and third bases in his request.[2] The Court has previously concluded that the statute's exhaustion provision requires that the warden have been given the opportunity to consider the same bases for relief asserted in the motion. *See United States v. Winston*, 2020 WL 9259786, at *1 (D. Kan. July 8, 2020) (Lungstrum, J.); *see also United States v. Burgoon*, 2020 WL 7396914, at *3 (D. Kan. Dec. 17, 2020) (Lungstrum, J.) (there must be a reasonable degree of overlap between the bases cited in the request to the warden and those cited in the motion). Accordingly, defendant has not satisfied the exhaustion requirement to the extent that his motion is based on the length of his sentence or the need to provide care for his partner, and thus the Court will not consider

---

[2] Defendant has not submitted a copy of his request to the warden. Nor has defendant disputed in his reply brief (after the Government raised this issue in its response) that he did not cite these two bases for relief in his request.

3

those bases in determining whether defendant has established extraordinary and compelling reasons for a sentence reduction.[3]

That leaves defendant's medical condition as the basis for his request for a reduction of his sentence to time served. Defendant cites his "failing health," and he has submitted medical records showing that he has taken medication for prostate issues, high blood pressure, high cholesterol, and heart issues. The records indicate, however, that his medical conditions are being addressed and controlled, and defendant has not shown that he is presently suffering from any serious medical condition. Thus, defendant has not established an extraordinary and compelling medical reason for his immediate release from prison.

In addition, the Section 3553(a) factors do not weigh in favor a sentence reduction here. As defendant concedes, his offense involved a large-scale drug conspiracy. Defendant held a leadership role in that conspiracy, and he was involved in threatening

---

[3] Even if these bases could be considered, they would not provide extraordinary and compelling reasons for a sentence reduction here. Defendant argues in his motion that his partner has been disabled since 2009 and needs him to care for her. In a letter submitted to the Court, defendant's partner has provided medical records, and she requests that defendant be released to care for her. Her records indicate, however, that she has suffered from her back ailments for more than ten years, and neither defendant nor his partner has explained why the necessary care for her could only be provided by defendant (and not by, for instance, their two adult children or by whoever has provided care to date). Thus, defendant has not shown an extraordinary need in this regard. With respect to the length of his sentence, defendant suggests that future changes in sentencing law might benefit him, but he has not shown that he would not be subject to the same term of imprisonment if sentenced today. The length of defendant's sentence (which has already been reduced once) does not provide an extraordinary reason for a sentence reduction. The Court notes, however, that the length of defendant's sentence would be a factor in the Court's consideration of the Section 3553(a) factors.

4

cooperating witnesses during the investigation of the conspiracy. His lengthy sentence was due in part to his substantial criminal history, which included a prior drug conviction. Defendant has served little more than half of his (reduced) sentence. Accordingly, a reduction to time served would not properly account for the seriousness of his offenses and would not represent an appropriate sentence.[4]

For these reasons, the Court denies defendant's motion for a reduction in his sentence to time served.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. # 231) is hereby **denied**.

IT IS SO ORDERED.

Dated this 18th day of October, 2021, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge

---

[4] In denying a previous motion by defendant for compassionate release, the judge who originally presided over this case concluded that the Section 3553(a) factors did not weigh in favor of any reduction.