IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

v.                                                                                            Case No. 05-20067-01-JWL

**Dheadry Loyd Powell,**

    **Defendant.**

## **MEMORANDUM & ORDER**

After defendant Dheadry Powell filed another motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) (doc. 239), the court issued an order establishing deadlines for the government's response and defendant's reply. After the government filed its response, defendant filed a motion to appoint counsel (doc. 242) seeking assistance with his motion for a sentence reduction. The motion is denied. There is no constitutional right to counsel beyond the direct appeal of a conviction. *Swazo v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). When exercising its "broad discretion" to decide whether to appoint counsel to an indigent litigant, the district court "should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991) (considering appointment of counsel for indigents under 28 U.S.C. § 1915). None of these factors weigh in favor of appointing counsel to defendant. Defendant's pro se motion for compassionate release reflects that he is able to articulate his arguments clearly and coherently and that the factual and

legal issues implicated by the motions are straightforward. Moreover, this District has implemented Administrative Order 20-8, which requires the Federal Public Defender to notify the court within fifteen days of any pro se individual filing a compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination. This ensures that every pro se motion for compassionate release is at least reviewed by that office. On December 27, 2021, the Federal Public Defender notified the court that it had reviewed defendant's pro se motion for compassionate release and that it did not intend to enter an appearance on his behalf.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Powell's motion to appoint counsel (doc. 242) is denied.  Defendant's reply deadline with respect to his motion for a sentence reduction remains set for January 31, 2022.

**IT IS SO ORDERED.**

Dated this 18th day of January, 2022, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge