IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

v.                                Case No. 05-20067-01-JWL

**Dheadry L. Powell,**

    **Defendant.**

## MEMORANDUM & ORDER

In 2005, defendant Dheadry Powell pleaded guilty to one count of conspiracy to distribute and possession with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 and one count of money laundering in violation of 18 U.S.C. § 1956(h). For many years, and with renewed intensity in recent months, defendant has been seeking to have his sentence reduced. In April 2020, this court reduced defendant's sentence from life imprisonment to the new statutory maximum of 480 months. Since that time, defendant has sought additional reductions on various grounds with no success.

This matter is now before the court on defendant's "motion for ineffective assistance of counsel under the First Step Act" (doc. 246).[1] In his motion, defendant asserts that he received ineffective assistance of counsel with respect to the motion for sentence reduction that the court granted when it reduced defendant's sentence to 480 months. According to defendant, counsel's ineffectiveness in presenting defendant's arguments resulted in defendant receiving the statutory

---

[1] While defendant references 28 U.S.C.§ 2255 in the caption of his motion, the court does not interpret the motion as seeking relief from defendant's underlying conviction and, thus, the court ignores that reference.

maximum sentence without providing the court an opportunity to consider all § 3553(a) factors in assessing whether a further reduction was warranted. Defendant also seeks the appointment of new counsel to file a renewed motion for sentence reduction so that the court may engage in a complete review of the merits of that anticipated motion.

The motion is denied. Because there is no constitutional right to counsel beyond the direct appeal of a criminal conviction, a defendant cannot claim that he received ineffective assistance of counsel in connection with § 3582 proceedings. *See United States v. Campos*, 630 Fed. Appx. 813, 816 (10th Cir. 2015) ("No right to counsel extends to a § 3582(c)(2) motion."); *United States v. Carrillo*, 389 Fed. Appx. 861, 863 (10th Cir. 2010) (a defendant cannot claim that he received ineffective assistance of counsel in his § 3582 proceedings and such claims cannot be asserted under § 2255). Simply put, defendant was not entitled to counsel in the first instance so he cannot complain about that counsel's performance.[2]

The court also denies defendant's request for the appointment of counsel to assist defendant in filing a renewed motion. When exercising its "broad discretion" to decide whether to appoint counsel to an indigent litigant, the district court "should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims,

---

[2] Counsel's performance was hardly objectionable. Defendant complains that after he filed a pro se motion to reduce his sentence, the Federal Public Defender entered an appearance without also asking to file a supplement on the merits of defendant's motion. The judge assigned to the case at that time then issued an order setting a response deadline for the government and a reply deadline for defendant. According to defendant, counsel for defendant prejudiced defendant by failing to advance all arguments in favor a reduction before the government filed a response to defendant's pro se motion. However, he articulates no argument that counsel should have advanced, let alone an argument that would have resulted in a reduction below the statutory maximum. Moreover, defendant precluded counsel from advancing such arguments in reply to the government's response—defendant moved to have counsel removed from the case before the reply deadline and then filed a pro se reply brief.

the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991) (considering appointment of counsel for indigents under 28 U.S.C. § 1915). None of these factors weigh in favor of appointing counsel to defendant. Defendant continues to clearly articulate his arguments to the court on a wide variety of issues. There are no circumstances presently before the court that warrant the appointment of counsel.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Powell's motion for ineffective assistance of counsel and for appointed counsel (doc. 246) is denied.

**IT IS SO ORDERED.**

Dated this 2nd day of March, 2022, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge