IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

       **Plaintiff,**

v.                                                                                      Case No. 05-20067-01-JWL

**Dheadry L. Powell,**

       **Defendant.**

## MEMORANDUM & ORDER

In 2005, defendant Dheadry Powell pleaded guilty to one count of conspiracy to distribute and possession with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 and one count of money laundering in violation of 18 U.S.C. § 1956(h). In April 2020, this court reduced defendant's sentence from life imprisonment to the new statutory maximum of 480 months. Since that time, defendant has sought additional reductions on various grounds with no success. This time, defendant has filed two motions in which he asks the court to recalculate his base offense level based on his assertion that the calculations contained in his PSR are fraudulent, ambiguous and constitute a miscarriage of justice. Primarily, defendant continues to insist that the PSR—and, ultimately, the court—improperly grouped his two convictions in calculating his total offense level and, as a result, miscalculated his total offense level.

The first motion is expressly filed under 28 U.S.C. § 2255. Defendant filed his first § 2255 petition in 2009. As such, his motion is an unauthorized successive petition and must be dismissed

for lack of jurisdiction.[1]  The court declines to transfer the motion to the Circuit because the Circuit has already resolved the issue set forth in the motion—namely, the argument that the court miscalculated his total offense level.  *See United States v. Powell*, 842 Fed. Appx. 281, 285-86 (10th Cir. Jan. 15, 2021).  To the extent the court must assess whether to grant or deny a certificate of appealability (COA) to defendant in connection with any appeal of the court's dismissal of the motion as a successive § 2255 petition, the court declines to issue a COA. To obtain a COA where, as here, the court has dismissed a filing on procedural grounds, the movant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court need not address the constitutional question if it concludes that reasonable jurists would not debate the court's resolution of the procedural one. *Id.* at 485. Because reasonable jurists would not debate the correctness of this court's conclusion that defendant's § 2255 motion is an unauthorized second § 2255 petition, the court declines to issue a COA.

Defendant's second motion sets forth the same argument as his first—that he is entitled to a sentence reduction because the government misled the court in the PSR and caused the court to miscalculate his total offense level by erroneously grouping his two convictions.  The motion is denied because the Circuit has already affirmed the recalculation of defendant's base offense level under the amended Guidelines and the law-of-the-case doctrine precludes the court from

---

[1] Defendant's argument that he is entitled to file an "initial" § 2255 under § 404(c) of the First Step Act is without support.

considering the argument set forth in the motion. *See United States v. Powell*, 842 Fed. Appx. 281, 285-86 (10th Cir. Jan. 15, 2021) (district court properly applied law of the case doctrine to deny Powell's motion for resentencing based on "same miscalculation arguments that we rejected in Powell's earlier appeal"). While defendant summarily asserts that the alleged miscalculation constitutes a manifest injustice such that the court should reach the merits of the argument under an exception to the law-of-the-case doctrine, no injustice is apparent on this record. The motion is denied.[2]

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's "28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence under § 404 of the First Step Act" (doc. 248) is **dismissed for lack of jurisdiction** and defendant's motion under § 404(c) of the First Step Act (doc. 251) is **denied**.

**IT IS FURTHER ORDERED BY THE COURT THAT** the court **declines** to issue a certificate of appealability on that portion of the court's memorandum and order dismissing defendant's § 2255 motion as an unauthorized successive § 2255 motion.

**IT IS SO ORDERED.**

---

[2] Defendant also contends that the government concealed defendant's PSR from him and the court and included "prohibited Chapter 3 enhancements" in the PSR without his knowledge. There is no support for this bald accusation. In fact, the record reflects that the enhancements were included in the PSR and that defendant's counsel expressly objected to those enhancements prior to sentencing.

Dated this __20th__ day of July, 2022, at Kansas City, Kansas.


                                          s/ John W. Lungstrum  
                                          John W. Lungstrum  
                                          United States District Judge